1

2

3

4       IN THE CIRCUIT COURT OF THE STATE OF OREGON

5              FOR THE COUNTY OF MULTNOMAH

6    ELLA HYDE,                          )  No. 22CV31174
                                          )
7              Plaintiff,               )  COMPLAINT:
                                          )  (1) STRICT LIABILTY
8        v.                              )  (2) NEGLIGENCE
                                          )  (3) BREACH OF IMPLIED WARRANTY OF
9    NEUTRON HOLDINGS INC., d/b/a LIME, a )  MERCHANTABILITY
     Delaware Corporation,               )  (4) BREACH OF IMPLIED WARRANTY OF
10                                        )  FITNESS FOR A PARTICULAR PURPOSE
               Defendant.                )
11                                        )  Not Subject to Mandatory Arbitration
                                          )  Prayer is over $50,000
12                                        )  Prayer Amount: $600,000.00
                                          )  ORS 21.160(1)(c)
13                                        )  SUBJECT TO UTCR 5.180(3)

14
     PLAINTIFF ALLEGES:
15
                         **THE PARTIES**
16
                              1.
17
         Plaintiff is Ella Hyde (hereinafter referred to as "plaintiff").
18
                              2.
19
         Defendant is Neutron Holding Inc., d/b/a Lime, a business incorporated in the State of
20
     Delaware and operating in the State of Oregon (hereinafter referred to as "Defendant Lime" or
21
     "defendant").
22
                    **JURISDICTION AND VENUE**
23
                              3.
24
         This Court has jurisdiction and venue over the parties and the subject matter pursuant to
25
     Rule 4 of the Oregon Rules of Civil Procedure.
26

Page 1 – COMPLAINT

[hyde.lime.product.liability.comp]

**DAVIS GALM LAW FIRM**
12220 SW FIRST STREET
BEAVERTON, OREGON 97005
Phone – (503) 644-9000
Fax – (503) 644-9050
paul@davisgalm.com

**EXHIBIT B - Page 1**

1

2

3                              **FACTUAL BACKGROUND**

4                                      4.

5          On November 2, 2021, the above-named plaintiff rented a Lime scooter and used it to head

6   to work. During the ride, the scooter that plaintiff was riding suddenly and without warning braked,

7   causing plaintiff to fly forward onto the street and break several bones, including her ankle. As a

8   result of the accident, plaintiff experienced intense physical and mental strain.

9                                      5.

10         Since Defendant Lime's deployment of electronic scooters in late 2017 and early

11  2018, there have been numerous reports of injuries suffered as a result of equipment failures. On

12  February 23, 2019, Defendant Lime acknowledged their scooters' braking problem, calling it a "bug

13  in the firmware" of its scooters that "could under 'rare circumstances' cause sudden and

14  excessive braking during use."[1] Defendant Lime went on to state that "some riders have been

15

16  injured, and, although most have been 'bumps and bruises', any injury is one too many."[2]

17                                     6.

18         Upon information and belief, Defendant Lime's electronic scooters are manufactured with

19  inadequate safety features.

20                                     7.

21         Upon information and belief, Defendant Lime does not properly maintain the scooters, but

22  deploys its scooters into the public and takes no measures to inspect and maintain the scooters.

23

24

25  _____

26  [1] *See* https://www.li.me/blog/safety-update-february-2019 (last accessed September 9, 2022).
    [2] *Id.*

Page 2 – COMPLAINT

[hyde.lime.product.liability.comp]

**DAVIS GALM LAW FIRM**
12220 SW FIRST STREET
BEAVERTON, OREGON 97005
Phone – (503) 644-9000
Fax – (503) 644-9050
paul@davisgalm.com

**EXHIBIT B - Page 2**

1

2

3                                    8.

4      Upon information and belief, Defendant Lime's scooters are defective, as manufactured and

5  designed, or not properly maintained, making them a dangerous nuisance.

6                                    9.

7      Upon information and belief, riders, such as the Plaintiff in this case, are unaware

8  of the clear failure to maintain the scooters, the defective nature of the scooters, and the dangers

9  associated with the scooters.

10                                   10.

11     Upon information and belief, Lime fails to provide adequate warnings and

12 operational instructions.

13
## FOR PLAINTIFF'S FIRST CLAIM FOR RELIEF
14 ### (STRICT LIABILITY)

15                                   11.

16     Plaintiff reincorporates paragraphs 1 through 10 as set forth above.

17                                   12.

18     At the time of plaintiff's injuries, defendant's scooters were defective and unreasonably

19
20 dangerous for use by foreseeable consumers, including plaintiff.

21                                   13.

22     Defendant's scooters were in the same or substantially similar condition as when they left

23 the possession of the Defendant.

24                                   14.

25     Plaintiff did not misuse or materially alter the scooter.

26

Page 3 – COMPLAINT

[hyde.lime.product.liability.comp]

**DAVIS GALM LAW FIRM**
12220 SW FIRST STREET
BEAVERTON, OREGON 97005
Phone – (503) 644-9000
Fax – (503) 644-9050
paul@davisgalm.com

**EXHIBIT B - Page 3**

1

2

3                                            15.

4    The scooters did not perform as safely as an ordinary consumer would have expected them to

5    perform when used in a reasonably foreseeable way.

6                                            16.

7           Further, a reasonable person would conclude that the possibility and seriousness of

8    harm outweighs the burden or cost of making the scooters safe.

9                                            17.

10          Defendant's actions and omissions were the direct and proximate cause of the

11   plaintiff's injuries and damages.

12                                           18.

13

14          Defendant's conduct, as described above, was extreme and outrageous. Defendant

15   risked the safety and well-being of the consumers and users of its scooters, including the plaintiff

16   to this action, with the knowledge of the safety and efficacy problems.

17                    **FOR PLAINTIFF'S SECOND CLAIM FOR RELIEF**
                                   **(NEGLIGENCE)**
18
                                             19.
19
            Plaintiff reincorporates paragraphs 1 through 18 as set forth above.
20
                                             20.
21
22          Defendant had a duty of reasonable care to design, manufacture, market, and sell non-

23   defective scooters that are reasonably safe for its intended uses by consumers, such as plaintiff.

24

25

26

Page 4 – COMPLAINT

[hyde.lime.product.liability.comp]

**DAVIS GALM LAW FIRM**
12220 SW FIRST STREET
BEAVERTON, OREGON 97005
Phone – (503) 644-9000
Fax – (503) 644-9050
paul@davisgalm.com

**EXHIBIT B - Page 4**

1

2

3                                             21.

4           Defendant failed to exercise ordinary care in the manufacture, sale, warnings, quality

5   assurance, quality control, distribution, advertising, promotion and marketing of its scooters in that

6   defendant knew or should have known that said scooters created a risk of unreasonable harm to the

7   plaintiff and consumers alike.

8                                             22.

9           Defendant was negligent in the design, manufacture, advertising, warning and

10  its scooters in that, among other things, they:

11      a.  Failed to use due care in designing and manufacturing the scooters to avoid the

12          aforementioned risks to individuals;

13      b.  Placed an unsafe product into the stream of commerce;

14

15      c.  Failed to properly maintain scooters; and

16      d.  Failed to properly address known braking defects present in its scooters.

17                  **FOR PLAINTIFF'S THIRD CLAIM FOR RELIEF**
                **(BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY)**
18
                                              23.
19
            Plaintiff reincorporates paragraphs 1 through 22 as set forth above.
20
                                              24.
21
22          At the time defendant marketed and distributed its scooters to the plaintiff in this case,

23  defendant warranted that its scooters were merchantable and fit for the ordinary purposes for which

24  they were intended.

25

26

Page 5 – COMPLAINT

[hyde.lime.product.liability.comp]

**DAVIS GALM LAW FIRM**
12220 SW FIRST STREET
BEAVERTON, OREGON 97005
Phone – (503) 644-9000
Fax – (503) 644-9050
paul@davisgalm.com

**EXHIBIT B - Page 5**

1

2

3                                            25.

4          Members of the consuming public, including plaintiff, were intended third-party

5    beneficiaries of the warranty.

6                                            26.

7          Plaintiff reasonably relied on defendant's representations that its scooters were a safe and

8    environmentally friendly transportation without the headache of traffic.

9                                            27.

10         Defendant's scooters were not merchantable because they had the propensity independently

11   brake suddenly and lead to the serious personal injuries as described herein in this Complaint.

12                                           28.

13         Plaintiff used the scooter with the reasonable expectation that it was properly designed

14

15   and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable

16   use of transportation.

17                                           29.

18         Defendant's breach of implied warranty of merchantability was the direct and proximate

19   cause of plaintiff's injury and damages.

20                      FOR PLAINTIFF'S FOURTH CLAIM FOR RELIEF
            (BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE)
21

22                                           30.

23         Plaintiff reincorporates paragraphs 1 through 29 as set forth above.

24

25

26

Page 6 – COMPLAINT

[hyde.lime.product.liability.comp]

DAVIS GALM LAW FIRM
12220 SW FIRST STREET
BEAVERTON, OREGON 97005
Phone – (503) 644-9000
Fax – (503) 644-9050
paul@davisgalm.com

EXHIBIT B - Page 6

1

2

3                                           31.

4          Defendant manufactured and supplied its scooters with an implied warranty that they were

5   fit for the particular purpose of a safe and cost-effective means of transportation.

6                                           32.

7          Members of the consuming public, including plaintiff, were the intended third-party

8   beneficiaries of the warranty.

9                                           33.

10         Defendant's scooters were not fit for the particular purpose as a safe means of

11  transportation, due to the unreasonable risks of bodily injury associated with its use.

12                                          34.

13         Plaintiff reasonably relied on defendant's representations that its scooters were an

14

15  environmentally friendly transportation without the headache of traffic.

16                                          35.

17         Defendant's breach of the implied warranty of fitness for a particular purpose was the

18  direct and proximate cause of plaintiff's injuries and damages.

19                                 INJURIES AND DAMAGES

20                                          36.

21         As a direct and proximate result of defendant's negligence and wrongful misconduct as

22  described herein, plaintiff has suffered and will continue to suffer physical and emotional injuries

23  and damages including past, present, and future physical and emotional pain and suffering as a

24  result of the incident on or about November 2, 2021.

25

26

Page 7 – COMPLAINT

[hyde.lime.product.liability.comp]

**DAVIS GALM LAW FIRM**
12220 SW FIRST STREET
BEAVERTON, OREGON 97005
Phone – (503) 644-9000
Fax – (503) 644-9050
paul@davisgalm.com

**EXHIBIT B - Page 7**

1

2

3        Plaintiff is entitled to recover economic, including lost wages, and noneconomic damages

4   from defendant for these injuries in an amount which shall be proven at trial.

5                                          37.

6        As a direct and proximate result of defendant's negligence and wrongful misconduct, as

7   set forth herein, plaintiff has incurred and will continue to incur the loss of full enjoyment of life

8   and disfigurement as a result of the incident on or about November 2, 2021. Plaintiff is entitled to

9   recover damages for loss of the full enjoyment of life and disfigurement from defendant in an

10  amount to be proven at trial.

11

12                                         38.

13       As a direct and proximate cause of defendant's negligence and wrongful misconduct, as

14  set forth herein, plaintiff has and will continue to incur expenses for medical care and treatment,

15  as well as other expenses, as a result of injuries he suffered on or about November 2, 2021.

16  Plaintiff is entitled to recover damages from defendant for his past, present and future medical

17  and other expenses in an amount which shall be proven at trial.

18

19       WHEREFORE, plaintiff prays for a judgment against defendants as follows:

20       (1) That plaintiff be awarded economic damages in an amount to be proven at trial, but

21            no more than $100,000;

22       (2) That plaintiff be awarded noneconomic damages in an amount to be proven at trial,

23            but no more than $500,000;

24       (3) That all costs and disbursements be taxed against defendant; and

25

26

Page 8 – COMPLAINT

[hyde.lime.product.liability.comp]

**DAVIS GALM LAW FIRM**
12220 SW FIRST STREET
BEAVERTON, OREGON 97005
Phone – (503) 644-9000
Fax – (503) 644-9050
paul@davisgalm.com

**EXHIBIT B - Page 8**

1

2

3          (4) That this Court awards any other relief that it may deem equitable and just, including

4              but not limited to all reliefs prayed for in this Complaint.

5

Dated: September 20, 2022                          ___s/  Paul C. Galm_____
6                                                 [X] Paul C. Galm, OSB #002600
                                                  [  ] Michael T. Davis, OSB #133421
7                                                 Attorneys for Plaintiff

8              **IMPORTANT WRITTEN NOTICE(S) TO CONSUMER(S)**
               **REQUIRED BY 15 U.S.C. § 1692g and 15 U.S.C. § 1692e(11)**
9

10  **UNLESS THE CONSUMER, within thirty days after receipt of this notice, disputes the validity of the
    debt, or any portion thereof, the debt will be assumed to be valid by this "debt collector". If you notify
11  us in writing within the thirty-day period that the debt, or any portion thereof, is disputed, this debt
    collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy
12  of such verification or judgment will be mailed to the consumer by the "debt collector". If you request
    in writing within the thirty-day period, this debt collector will provide the consumer with name and
13  address of the original creditor, if different from the current creditor. If requested by the creditor, this
    "debt collector" may proceed (or has proceeded) with suit against you without waiting the thirty days
14  described above. Even if a law suit is filed against you without waiting for the thirty days described
    above, you retain your rights under this notice. If, however, you request verification of the debt within
15  the thirty day period that begins with your receipt of our first written communication to you, the law
    requires this debt collector to suspend all efforts (through litigation or otherwise) to collect the debt
16  until this debt collector mails the requested verification to you.**

17  **THIS COMMUNICATION IS FROM A "DEBT COLLECTOR", AS DEFINED IN 15 U.S.C. §
    1692a(6). WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED
18              WILL BE USED FOR THAT PURPOSE.**

19

20

21

22

23

24

25

26

Page 9 – COMPLAINT

[hyde.lime.product.liability.comp]

**DAVIS GALM LAW FIRM**
12220 SW FIRST STREET
BEAVERTON, OREGON 97005
Phone – (503) 644-9000
Fax – (503) 644-9050
paul@davisgalm.com

**EXHIBIT B - Page 9**